## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: CV - _____

| | |
|---|---|
| Jeffrey L. Freeland,<br><br>                    Plaintiff,<br>v.<br><br>Financial Recovery Services,  Inc.,<br><br>                    Defendant. | **<u>COMPLAINT</u>**<br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

### <u>JURISDICTION</u>

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.      This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### <u>PARTIES</u>

3.      Plaintiff Jeffrey L. Freeland (hereinafter "Plaintiff") is a natural person who resides in the City of Dawsonville, State of Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant Financial Recovery Services, Inc. (hereinafter "Defendant FRS") is a corporation and a collection agency operating from address 4640 West 77th Street, Suite 300, Edina, MN  55435 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## <u>FACTUAL ALLEGATIONS</u>

5.      Sometime prior to April 13, 2010 Plaintiff employed a woman named Helen Doyle.

6.      Ms. Doyle incurred a consumer debt as that term is defined at 15 U.S.C. §1692a(4) related to a credit card debt.

7.      Ms. Doyle's debt, sometime prior to April 13, 2010 was transferred to Defendant for collection.

8.       After the first of 2010 Defendant began to place calls to Plaintiff's business and home telephone numbers looking for Ms. Doyle.

9.       When Plaintiff answered the telephone calls from Defendant, Defendant's agents would request to speak with Helen Doyle, to which  Plaintiff responded that Helen Doyle did not work there and to stop calling any and all numbers associated with him or his work.

10.      Defendant refused to cease its collection campaign directed to Plaintiff's telephone numbers, in violation of 15 U.S.C. §1692d.

11.      Specifically Defendant's collection agent "Jennifer" refused to allow Plaintiff to speak to a supervisor and instead insisted that Plaintiff put on his "wife" Helen Doyle, in violation of 15 U.S.C. §1692d.

12.      Plaintiff has never been married.

13.      On several occasions Plaintiff would inform Defendant to stop calling and harassing him and hang up but Defendant would immediately call him back multiple times per day, in violation of 15 U.S.C. §1692d.

14.     Defendant's collection agents would scream at Plaintiff and demand to speak with Helen, in violation of 15 U.S.C. §1692d.

15.     Defendant's agents would leave voicemail messages on Plaintiff's home and work answering machines disclosing debt collection information private to Ms. Doyle.

16.     Defendant's conduct in harassing Plaintiff has caused him emotional distress, anxiety and rage resulting in increased blood pressure and elevated sugar levels.

## TRIAL BY JURY

17.     Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

20.     As a result of Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and are therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00

pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

21.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.   The forgoing conduct by Defendant constitutes an unreasonable intrusion upon seclusion upon Plaintiff's privacy.

23.   Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, or private concerns or affairs of the Plaintiff.

24.   Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, or private concerns or affairs.

25.   These intrusions and invasions of privacy by this Defendant occurred in a way that would be highly offensive to a reasonable person in the Plaintiff's position.

26.   Plaintiff has suffered damages as a result of Defendant's conduct and is entitled to his damages, costs and attorneys fees.

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

(a)   That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and invasion of privacy;
(b)   That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
(c)   That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and
(d)   That the Court grants such other and further relief as may be just and proper.

Respectfully submitted,

Dated this <u>5th</u> day of July, 2010.


By:  <u>s/Thomas J. Lyons</u>        
Thomas J. Lyons, Esq.
Attorney I.D. #:  65699
Trista M. Roy, Esq.
Attorney I.D. #0387737
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707
Facsimile: (651) 704-0907
tristacjc@aol.com
tlyons@lyonslawfirm.com


Attorneys for Plaintiff

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF</u>

STATE OF GEORGIA        )

                           ) ss

COUNTY OF <u>DAWSON</u>      )

        Jeff Freeland, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/Jeffrey L. Freeland

Jeffrey L. Freeland

Subscribed and sworn to before me
this <u>10</u> day of June, 2010.

s/Donna R. Bryan

Notary Public